**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TUQA RAHIM KADHEM,**

      **Plaintiff,**

                                    **Case No. 2:26-cv-0011**
                                    **Judge James L. Graham**
  **v.**                                 **Magistrate Judge Elizabeth A. Preston
Deavers**

**CITY OF COLUMBUS, OHIO,** *et al.***,**

      **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Tuqa Rahim Kadhem, proceeding *pro se*, initiated this action by filing an application to proceed *in forma pauperis*. (ECF No. 1.) The Motion (ECF No. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs.

This matter is also before the Court for an initial screen of Plaintiff's Complaint (Compl., ECF No. 1-1) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons below, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint.

### I.      STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law."  *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at *1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), *report and recommendation adopted*, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015).  "An action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible."  *Id.* (citations and quotations

---

[1] Formerly 28 U.S.C. § 1915(d).

omitted).  The Court does not need to accept as true factual allegations that are fantastical or delusional.  *Id.* (citations and quotations omitted).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  The Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28

3

U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-CV-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

The Undersigned concludes that Plaintiff's Complaint should be dismissed. Construing Plaintiff's Complaint liberally, she alleges that Defendant Frojas, a City of Columbus police officer, and Defendant Sprowl "acted under color of law for violating [her] constitutional rights . . . ." (Compl. at PageID 6.) Plaintiff contends that Defendants Frojas and Sprowl created a police report and included the false statement that she walked into the street. (*Id.*) Plaintiff sues the City of Columbus as "the municipal entity responsible for Columbus [] Division of Police" and seeks a Court Order directing Defendant City of Columbus to correct an official police report. (*Id.*) Plaintiff seeks damages from Defendants Frojas and Sprowl for emotional distress and harm to her reputation. (*Id.* at PageID 7.)

The Undersigned construes Plaintiff's allegations as an attempt to bring a claim under 42 U.S.C. § 1983. To state a claim under this statute, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). Plaintiff, however, does not identify with any specificity what constitutional rights she believes that Defendants Frojas and Sprowl violated; nor does she provide more than a conclusory statement that Defendants Frojas and Sprowl acted under color of law. *See Iqbal*, 556 U.S. at 678 (A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550

4

U.S. at 557); *Frengler*, 482 F. App'x at 976–77 ("'[C]ourts should not have to guess at the nature of the claim asserted.'") (quoting *Wells v. Brown*, 891 F.2d at 594).

To the extent that Plaintiff attempts to bring a § 1983 claim against Defendant City of Columbus, that claim would be governed by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). *Monell* "requires that, for liability to attach, a constitutional violation 'occurred because of a municipal policy or custom.'" *Westbrook v. City of Cincinnati*, 667 F. Supp. 3d 665, 670 (S.D. Ohio 2023) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). To satisfy *Monell*, a plaintiff can assert one of four things: "(1) the existence of an illegal official policy or enactment; (2) the existence of a policy of inadequate training or supervision; (3) the existence of a custom of tolerance or acquiescence to federal rights violations; or (4) that an official with final decision-making authority ratified the illegal actions." *Id.* Here, Plaintiff makes no detailed allegations of any official policy, failure to train, a custom of tolerance or acquiescence to federal rights violations, or decision by a final policymaker that might give rise to a claim under *Monell*. Plaintiff provides nothing more than a conclusory statement that Defendant City of Columbus is responsible for the Columbus Division of Police. (Compl. at PageID 6.)

In addition, Plaintiff frames her request for a Court Order directing Defendant City of Columbus to correct the police report as "injunctive relief": "I sue the city in its official capacity solely for injunctive relief to correct the office report." (*Id.* (cleaned up).) "When seeking . . . injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for pre-enforcement review." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). Plaintiff fails to allege an ongoing or a significant possibility of future violations of her constitutional rights by any Defendant. Moreover, Plaintiff

fails to cite any authority permitting a federal court to provide the relief she seeks.  The Undersigned finds none.

The Undersigned finds that Plaintiff fails to state a claim upon which relief may be granted.  Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's claims be dismissed in their entirety.

### III.    CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

The Undersigned **FURTHER RECOMMENDS** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within **14 DAYS** after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely

objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

       **IT IS SO ORDERED.**

Date: January 27, 2026             /s/ *Elizabeth A. Preston Deavers*
                                 ELIZABETH A. PRESTON DEAVERS
                                 UNITED STATES MAGISTRATE JUDGE