**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Tuqa Kadhem,

|  |  |
|---|---|
| Plaintiff, | Case No. 2:26-cv-0011 |
|  | District Judge James L. Graham |
| v. | Magistrate Judge Elizabeth A. Preston Deavers |

City of Columbus, Ohio *et al.*,

Defendants.

<u>Order</u>

This matter is before the Court on plaintiff's objection to the Magistrate Judge's January 27, 2026 Report and Recommendation.  Having conducted an initial screen of the compliant pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge found that plaintiff had not stated any cognizable claims under 42 U.S.C. § 1983 and thus recommended that the Court dismiss the complaint.

The complaint contains little factual content.  It alleges that defendant Matthew Frojas was a police officer who, along with defendant Jeffery Sprowl (whose role or position is not specified), had issued a "false report."  Doc. 1-1 at PAGEID 6.  The report is alleged to have falsely stated that plaintiff was "walking into the street."  *Id.*  The complaint asserts that defendant City of Columbus is responsible, through it police department, for keeping the false record.

In her Report and Recommendation, the Magistrate Judge found that the complaint did not identify any constitutional rights which had been violated by defendants Frojas and Sprowl and did not provide factual support for her allegation that the two defendants acted under color of law.  The Magistrate Judge further found that the complaint did not identify a policy or custom by which defendant City of Columbus could be held liable as a municipality under M*onell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Plaintiff filed objections to the Report and Recommendation.  It contains a request for leave to amend the complaint.  Rather than specifically object to any portion of the Report and Recommendation, plaintiff's filing lists three claims along with brief statements of fact.  The Court construes plaintiff's filing as containing the claims and allegations of a proposed amended complaint.

The first claim is labeled, "Fourth Amendment – Unlawful Seizure."  Doc. 4 at PAGEID 27.  The second is "Fourteenth Amendment – Due Process."  *Id.*  In support of these claims, plaintiff states

1

only that she was "hospitalized against [her] will without lawful justification." *Id.* The third and final claim is "Fourteenth Amendment – Bodily Integrity/Dignity." *Id.* Plaintiff alleges that she was exposed naked and humiliated. She also alleges that she was detained for discarding a cigarette near a trash can.

These new allegations depart from the complaint, which concerned a false report. But they suffer from the same or similar deficiencies which the Magistrate Judge found in the complaint. Though the new filing identifies certain constitutional rights at issue, it wholly fails to allege how Frojas and Sprowl were involved in the alleged hospitalization of plaintiff, her exposure and humiliation, or her detention. Other than being listed in the case caption, the names of Frojas and Sprowl are not mentioned in plaintiff's filing. And again plaintiff has failed to offer allegations in support of a finding that defendants acted under color of law or that a Columbus city policy or custom caused the constitutional violations.

At best, one could liberally construe the complaint and the new filing together to infer that plaintiff is alleging that Frojas, a police officer, detained her without legal justification. Such a construction would clear the "color of law" hurdle in asserting a § 1983 claim against him. But the new filing admits that plaintiff was detained for discarding a cigarette near a trash can. Under Columbus's Code of Ordinances, it is a fire code violation and punishable as a misdemeanor to create "conditions which are liable to cause or contribute to the spread of fire." Columbus Code of Ordinances §§ 2501.09 2501.99; *see also id.* at § 919.10(F) (prohibiting fires on city land started by "improperly disposing of a . . . cigarette). It is also a violation to litter. *See id.* at § 2329.01(A) and (D)(1) (providing that litter includes cigarette butts). Plaintiff's admission supplies the justification needed for an officer to detain her. *See United States v. Alexander*, 528 F. App'x 515, 518 (6th Cir. 2013) (a law enforcement officer may detain an individual upon reasonable suspicion that the person violated municipal code).

Accordingly, the Court overrules the objections (Doc. 4) and denies plaintiff's request for leave to amend the complaint. The Court adopts the Report and Recommendation (Doc. 2) and dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith and thus denies plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: February 27, 2026

2